IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HENRY WASHINGTON, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:21-cv-00342-JRG-RSP |
| IG AUTO TRANSPORT; RALPH A LEBRON, and BAILEY JOSEPH MALBROUGH, | § § § § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Transfer Venue to Beaumont Division and To Consolidate filed by Defendants IG Auto Transport, Inc., Ralph A. Lebron, and Bailey Joseph Malbrough. Dkt. No. 22. Defendants seek to transfer this case from the Marshall Division to the Beaumont Division of the Eastern District of Texas under 28 U.S.C. § 1404.[1]

**I.      Background**

On August 31, 2021, Plaintiff Henry Washington filed this lawsuit against Defendants. Dkt. No. 1. This case arises out of a multiple-vehicle crash that occurred on June 24, 2020, in Orange County, Texas, which is along the Louisiana border in the Beaumont Division. Washington resides in Orange County. After the accident, Washington received medical treatment at the Baptist Hospital and then at the AFC Urgent Care, both in Jefferson County, Texas, where Beaumont is located. Dkt. No. 22 at 2-3.

Defendants argue that this case was incorrectly filed in the Marshall Division and therefore this case should be transferred to the Beaumont Division.

---

[1] Defendants' Motion also included a motion to consolidate this case with another case in the Beaumont Division. However, the case in the Beaumont Division settled, Dkt. No. 27 at 1, therefore, the Order does not address that portion of Defendants' Motion.

1

## II. Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," based on: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). The plaintiff's choice of venue is entitled to some deference, however it is "not an independent factor." *Id.* at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315.

### III. Analysis

As a threshold matter, there is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas. The threshold requirement for transfer under § 1404(a) has been met.

#### a. Timeliness of the Motion

The first dispute between the parties is whether the Motion was timely filed. Defendants argue that it was timely filed given "[t]his case is in its early stages and no party has filed any pre-trial motions." Dkt. No. 22 at 4. Furthermore, Defendants argue that they could not have filed the motion sooner because they did not know the Plaintiff's address and where he received treatment until they received Plaintiff's medical records on April 14, 2022. Dkt. No. 27 at 1-2.

Plaintiff responds that "Defendants' delay was both avoidable and apparently done to prejudice Plaintiff." Dkt. No. 25 at 4. The delay is particularly "egregious," Plaintiff argues, because "the majority of the grounds that Defendants now rely on for transfer were readily apparent to Defendants when this lawsuit was filed. Thus, there was no reason for Defendants' delay in bringing this motion." *Id.* (citing *Konami Digital Entm't Co. v. Harmonix Music Sys. Inc.*, 2009 WL 7871134, at *7-9 (E.D. Tex. Mar. 23, 2009)). Plaintiff also argues that this case is not in its infancy given that trial is set for February 6, 2023. Dkt. No. 18.

As to Defendants' argument that it did not initially know where Plaintiff resides or was treated, Plaintiff served initial disclosures on March 18, 2022, in which the Plaintiff disclosed all of his treatment providers and their addresses. Dkt. No. 28 at 2. Additionally, the police report of crash lists Plaintiff's address. *Id.*

The Court finds that Defendants have failed to show that the motion was timely filed. In the Fifth Circuit, a motion to transfer should be filed with "reasonable promptness." *Peteet v. Dow*

3

*Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Here, the Court had already conducted a scheduling conference; issued a docket control order, protective order, and discovery order; and the parties had begun discovery before Defendants moved to transfer, a full 8 months after suit was filed. Furthermore, the Court has set a February 6, 2023 trial date, which is now less than 5 months away. Finally, Defendants' proffered excuse for its lack of promptness is firmly refuted by Plaintiff. Therefore, the Court finds that the motion is untimely and therefore, the Court denies the motion on this ground.

### b. Balancing the Private and Public Interest Factors

Although the Court has already found the motion to be untimely, the Court finds that, overall, the private and public interest factors do not clearly weigh in favor of transfer. As an initial matter, the parties agree that the following factors are neutral: "the availability of compulsory process to secure the attendance of witnesses"; "the administrative difficulties flowing from court congestion"; "the familiarity of the forum with the law that will govern the case"; and "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Thus, half of the factors are neutral.

### i. Private Factors

Beginning with the private interest factors, the first factor focuses on "the relative ease of access to sources of proof." *Radmax*, 720 F.3d at 288. Defendants argue that this factor weighs "heavily" in favor of transfer because a majority of sources of proof regarding the accident are located in the Beaumont Division. Dkt. No. 22 at 7. However, Plaintiff demonstrates that Defendant IG Auto Transport's principal place of business is in Florida and Lebron also resides in Florida, thus any documents from these Defendants would most likely will be located there. Dkt. No. 25 at 9. Plaintiff raises similar arguments as to Defendant Malbrough as he is a Louisiana resident. *Id.*

The Court finds that this factor only slightly favors transfer. Defendants have clearly identified sources of proof relevant to the underlying accident located in the Beaumont Division; however, the Defendants do not dispute Plaintiff's assertion that the Defendants possess relevant sources of proof outside the District that are as relatively easy to access in the Marshall Division as the Beaumont Division.

The next factor—cost of attendance for willing witnesses—may be the single most important factor for the Court to consider. *Durrett v. Walmart, Inc.*, No. 2:18-cv-00332-JRG, 2018 U.S. Dist. LEXIS 186618, *7 (E.D. Tex. Oct. 31, 2018); *see also Corbitt v. S. Refrigerated Transp., Inc.*, No. 2:06-cv-00330-LED, 2006 U.S. Dist. LEXIS 78761, *5, (E.D. Tex. Oct. 30, 2006) (internal quotation omitted) (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986)). Defendants argue that this factor weighs in favor of transfer because "[n]one of the potential witnesses . . . are located the Marshall Division nor are they closer to the Marshall Division courthouse than the Beaumont Division courthouse." Dkt. No. 22 at 8. Plaintiff's arguments in response focus on the cost for non-party witnesses but does not identify any specific non-party witnesses. Dkt. No. 25 at 10. This factor weighs in favor of transfer: the Defendants have identified multiple witnesses who are closer to the Beaumont courthouse (Dkt. No. 22-6) and Plaintiff only offers unidentified non-party witnesses who might be closer to the Marshall courthouse.

Finally, as to "practical problems," Defendants argue that Beaumont Division would be more convenient for both Plaintiff's and Defendants' counsel than the Marshall Division. Dkt. No. 22 at 9. The Plaintiff argues that transferring the case would increase litigation costs. Dkt. No. 25 at 10. This factor is neutral because neither party offers relevant arguments.

### ii. Public Factors

As to localized interests, Defendants argue that this case has no factual connection to the Marshall Division because the alleged injury occurred in Orange County and Plaintiff's medical providers are in either Beaumont or Houston. Dkt. No. 22 at 10-11. In response, Plaintiff argues, "the Marshall Division, and thus the potential jurors for this case, have a meaningful connection to the issues involved in this lawsuit because Plaintiff was injured on a major highway within the Eastern District of Texas in part by a Texas limited partnership." Dkt. No. 25 at 12. The Court finds that this factor favors transfer.

Perhaps the most important factor in this case is the interest in judicial efficiency and the waste of judicial and private resources. By waiting until 8 months into this litigation to file this motion, Defendants caused this Court to invest considerable time into the management of this case. There would be a nearly complete waste of this time and effort by the Court, and a concomitant delay to the parties, if the case were now to be transferred. This weighs heavily against transfer.

## IV. Conclusion

Overall, the Court finds five of the eight factors are neutral, two factors favor transfer, one factor slightly favors transfer, and one weighs heavily against transfer. Because the majority of factors are neutral, the Court finds that the Beaumont Division is not "clearly more convenient" than the Marshall Division. Therefore, in addition to the motion being untimely, the Court **DENIES** the motion because the Defendants have failed to carry their burden to show the Beaumont Division would be clearly more convenient.

**SIGNED this 6th day of September, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE